UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

NICOLE D. F.,                )
                             )
           Plaintiff         )
                             )
v.                           )    No. 1:18-cv-00348-NT
                             )
ANDREW M. SAUL,              )
*Commissioner of Social Security*,[1] )
                             )
           *Defendant*       )

## REPORT AND RECOMMENDED DECISION[2]

This Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the basis that the ALJ erred in determining the functional limitations stemming from three severe impairments – neck pain, headaches, and obesity – without the benefit of medical expertise and, in the case of her obesity, in contravention of Social Security Ruling 02-1p ("SSR 02-1p"). *See* Plaintiff's Statement of Errors ("Statement of Errors") (ECF No. 9) at 5-13.[3] I agree that the ALJ's

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted as the defendant in this matter.
[2] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.
[3] In her Statement of Errors, the plaintiff also contended that the ALJ (i) exceeded his competence as a layperson in concluding that evidence unseen by agency nonexamining consultant Lawrence P. Johnson, M.D., "added nothing of medical significance" concerning her lumbar spine impairment, Statement of Errors at 5, 13-18, (ii) erred in determining, without benefit of expert assistance, that her severe impairments did not meet or equal any of the so-called "Listings," Appendix 1 to 20 C.F.R. Part 404, Subpart P, *see id*. at 5-6 n.3, (iii) erroneously rejected the opinion of treating source Karissa Fahnestock, P.A.C., regarding the impact of the plaintiff's migraine headaches, *see id*. at 8-9 & nn. 10-11, and (iv) abused his discretion in dismissing a medical expert who had been scheduled to appear at hearing, *see id*. at 12 n.15, 18-19. At oral argument, the plaintiff's counsel clarified that his client did not press these points as separate bases for remand.

1

handling of the plaintiff's obesity fails to comport with SSR 02-1p, warranting remand. I need not and do not reach the plaintiff's remaining points of error.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff had the severe impairments of osteoarthritis, herniated disc with radiculopathy, status post lumbar laminectomy, headaches, neck pain, obesity, generalized anxiety disorder with panic attacks, and depression, Finding 2, Record at 14; that she had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b), except that she was limited to three hours of standing or walking per day but needed to alternate from sitting to standing or *vice versa* for five minutes each hour, could occasionally balance, stoop, kneel, crouch, crawl, or climb ramps or stairs, could not climb ladders, ropes, or scaffolds, could tolerate frequent exposure to hazards such as unprotected heights and sloped or uneven surfaces, was limited to performing simple, repetitive tasks, could not tolerate interaction with the general public, could not tolerate working in large groups, and could tolerate only occasional change in the work routine, Finding 4, *id*. at 15-16; that, considering her age (24 years old, defined as a younger individual, on the date her application was filed, December 28, 2012), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 6-9, *id*. at 23-24; and that she, therefore, had not been disabled from December 28, 2012, the date her application was filed, through April 11, 2018, the date of the decision, Finding 10, *id*. at 24-25. The Appeals Council declined to review the decision, *id*. at 1-4, making the decision the final determination of the commissioner, 20 C.F.R. § 416.1481; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Background

The plaintiff filed the instant SSI application on December 28, 2012. *See* Finding 1, Record at 13. After her claim was denied both initially and on reconsideration, an ALJ held a hearing on May 13, 2015, following which, on July 17, 2015, she issued a decision denying the claim. *See id*. at 166, 176. The plaintiff appealed that decision to the Appeals Council, which, by decision dated September 21, 2016, remanded it to the ALJ for a supplemental hearing. *See id*. at 184-85. The plaintiff received notice that a new hearing had been scheduled for March 21, 2018, at which both a psychological and a medical expert, as well as a vocational expert, would appear. *See id*. at 328, 331, 350, 353. Prior to the hearing, a new ALJ was assigned to hear the case. *See id*. at 65. A psychological expert and a vocational expert appeared and testified, but no medical expert appeared. *See id*. at 63-64. On April 11, 2018, the ALJ issued the instant decision denying the

plaintiff's claim. *See* Finding 10, *id*. at 24-25. In so doing, he gave "great weight" to the opinion of Dr. Johnson, "who reviewed the medical evidence at the reconsideration level on January 22, 2014." *Id*. at 22 (citation omitted). He explained:

> [Dr. Johnson's] opinion was offered after the [plaintiff]'s lumbar laminectomy and the evidence submitted since his review does not show much change. He opined the [plaintiff] could perform a limited range of light work with occasional postural limits and standing/walking limited to only three hours. I have adopted most of his findings but have included additional limitations to the length of time she could stand/walk and have provided for her to have a sit/stand option that would accommodate her complaints of pain with prolonged sitting/standing.

*Id*.

As the plaintiff notes, *see* Statement of Errors at 3, the bulk of the medical evidence of record, including that pertaining to her neck disorder, obesity, and headaches, was submitted after Dr. Johnson's review, *see* Record at 30-33. Dr. Johnson found that the plaintiff had a severe impairment of spine disorders and assessed limitations related to her lumbar spine. *See id*. at 155, 157-59. He did not note review of any records pertaining to her cervical spine, obesity, or headaches. *See id*. at 154-55.

### B. Analysis

As the plaintiff observes, *see* Statement of Errors at 10 n.12, she reported to treating nurse practitioner Susan Chessa, F.N.P., on March 15, 2016, that she had gained 80 pounds in the prior year, and F.N.P. Chessa determined that she had a Body Mass Index ("BMI") of 39.6, *see* Record at 934-95. On April 5, 2017, F.N.P. Chessa recorded a BMI of 36.7. *See id*. at 1032. Both findings placed the plaintiff in the second-highest of three levels of obesity. *See* SSR 02-1p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2018), at 250. Without discussion, the ALJ deemed the plaintiff's obesity severe. *See* Finding 2, Record at 14. He did not address obesity in determining her RFC. *See id*. at 16-23.

4

The plaintiff contends that, in the absence of an expert's consideration of the impact of her obesity, "the record was legally insufficient to support whatever conclusions the ALJ reached as to how the added contribution of [her] significant post-surgery weight gain further limited her ability to perform such physical functions as lifting and carrying, standing and walking, bending, stooping, etc.[,]" which is not readily apparent to a layperson. Statement of Errors at 10-11 (footnote omitted). She adds that the ALJ failed to follow agency policy concerning the analysis of obesity as set forth in SSR 02-1p. *See id*. at 11 n.13. I agree that remand is warranted pursuant to that ruling.

In *Kaylor v. Astrue*, No. 2:10-cv-33-GZS, 2010 WL 5776375 (D. Me. Dec. 30, 2010) (rec. dec., *aff'd* Feb. 7, 2011), this court construed SSR 02-1p to require an ALJ who finds a severe obesity impairment "to describe how obesity affected the plaintiff's RFC." *Kaylor*, 2010 WL 5776375, at *3. This court concluded that, in that context, a claimant's "failure to identify record evidence of specific functional deficits does not render any error harmless." *Id.* ("In the absence of any meaningful specification of those [obesity-related] limitations, it is impossible to determine whether [the ALJ] incorporated them into her RFC determination or whether their absence, if any, from that determination was harmless error."). *See also Fothergill v. Astrue*, No. 2:11-cv-247-DBH, 2012 WL 1098444, at *4 (D. Me. Mar. 29, 2012) (rec. dec., *aff'd* Apr. 17, 2012) (remanding case pursuant to SSR 02-1p and *Kaylor* when there was "a finding of a severe impairment of obesity without a clarification of corresponding functional limitations or an RFC finding that can be discerned to take any obesity-related limitations into account[,]" as a result of which the burden "did not shift to the plaintiff to identify particular limitations omitted from the [ALJ]'s RFC finding") (citation and footnotes omitted).

While an ALJ who fails to clarify functional limitations stemming from a severe obesity impairment "can satisfy the requirement by relying on the RFC opinion of an expert who took into account the claimant's obesity[,]" shifting the burden to the claimant to "demonstrate that the ALJ erred by failing to consider a specific additional limitation imposed or impacted by obesity[,]" *Pendleton v. Berryhill*, No. 1:13-cv-137-NT, 2017 WL 2895894, at *5 (D. Me. July 7, 2017) (rec. dec., *aff'd* Aug. 1, 2017), there is no such expert RFC opinion in this case. Although the plaintiff did not cite *Kaylor*, *Fothergill*, or their progeny, her citation to SSR 02-1p suffices to raise the issue. *See* Statement of Errors at 10-11 & n.13.

Remand, accordingly, is required on this basis.[4]

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case **REMANDED** for proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

---

[4] The commissioner cites three cases for the proposition that remand is unwarranted on the basis of the ALJ's handling of the plaintiff's obesity because she fails to identify any obesity-related limitations omitted from her RFC. *See* Defendant's Opposition to Plaintiff's Statement of Errors (ECF No. 13) at 16-17 (citing *Pressey v. Berryhill*, No. 2:16-cv-00425-JDL, 2017 WL 2731308, at *6 (D. Me. June 25, 2017) (rec. dec., *aff'd* Aug. 28, 2017), *Peak v. Colvin*, No. 2:15-cv-67-JHR, 2015 WL 7681256, at *2 (D. Me. Nov. 24, 2015), and *Webber v. Colvin*, No. 2:13-cv-00236-NT, 2014 WL 3530705, at *3 n.3 (D. Me. July 15, 2014)). *Pressey* and *Peak* are distinguishable in that they do not concern the evaluation of obesity pursuant to SSR 02-1p. *See Pressey*, 2017 WL 2731308, at *5-6; *Peak*, 2015 WL 7681256, at *2-3. *Webber* is distinguishable in that the claimant's obesity was deemed nonsevere. *See Webber*, 2014 WL 3530705, at *3 & n.3.

6

Dated this 28th day of June, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge